**In re Anonymous No. 114 D.B. 88**

Disciplinary Board Docket no. 114 D.B. 88.

To the Honorable Chief Justice and Justices of the Supreme Court of Pennsylvania:

MUNDY, *Member,* August 9, 1989 — Pursuant to rule 214(d) of the Pennsylvania Rules of Disciplinary Enforcement, the Disciplinary Board of the Supreme Court of Pennsylvania herewith submits its findings and recommendations to your

honorable court with respect to the above-captioned petition for dissolution or modification of temporary suspension.

## INTRODUCTION

This is a matter of first impression. By order of the Supreme Court dated February 7, 1989, Pennsylvania Rule of Disciplinary Enforcement 214 which generally provides for interim suspension of attorneys convicted of crimes was modified to provide that attorneys temporarily suspended in accordance with this rule would have the right to petition the court for dissolution or amendment of the suspension order. The instant petition filed in accordance with (d)(4) of this rule is the first to be filed under the rule change.

## PROCEDURAL HISTORY

Petitioner, [   ], was suspended by order of the Supreme Court pursuant to rule 214(d) of the Pennsylvania Rules of Disciplinary Enforcement following petitioner's conviction on two counts of bookkeeping in violation of 18 Pa.C.S. §5414(3). The order of suspension was dated October 31, 1988 and directed that the suspension be effective November 30, 1988. Following denials of petitioner's motion for a stay of the suspension order as well as his motion for reconsideration of the suspension, petitioner requested in accordance with rule 214 that the board direct an accelerated hearing. By order dated January 5, 1989, the board granted petitioner's request for an accelerated hearing, and a petition for discipline was filed on January 23, 1989. The matter was referred to Hearing Committee [   ] for appropriate action.

On May 3, 1989, the hearing committee filed

its report with the board in which the recommended discipline was an informal admonition. Following the filing of this report with the board, the instant petition was filed on May 18, 1989 pursuant to a modification of Pennsylvania Rule of Disciplinary Enforcement 214 which had become effective by order of this honorable court on February 7, 1989. In accordance with the revised rule, a "respondent attorney may at any time petition the court for dissolution or amendment of an order of temporary suspension." Oral argument on the petition was heard by a three-member panel of the board consisting of John R. Padova, Esq., William L. Keller, Esq., and the undersigned on May 26, 1989. Although the rule as amended requires a report and recommendation to be filed with this honorable court within five days of said hearing, petitioner waived this requirement in order to have an opportunity to resolve an issue which arose during the course of the hearing concerning the probationary sentence which had been levied upon petitioner.

## FACTUAL SUMMARY

Petitioner was convicted on January 14, 1987 of two counts bookkeeping following a nonjury trial held before the Honorable [A], President Judge of the Court of Common Pleas of [ ] County. The conviction was based on two of a multiplicity of wiretapped conversations between petitioner and a bookmaker. The two conversations which were the subject of the criminal verdict apparently differed from others involving petitioner and the bookmaker in that on these two occasions, petitioner appeared to be placing a bet for someone else in addition to

himself thus falling into the ambit of 18 Pa.C.S. §5414(3). The pertinent conversations as introduced at trial were as follows:

### A.

[B]: Hello.

[Petitioner]: (Not audible) some more of your bitchin.

[B]: Yeah alright, see I'm going to cry, go ahead.

[Petitioner]: Take Los Angeles up to fifty times.

[B]: Alright you want L.A. minus eight no thirty times.

[Petitioner]: Yeah and try Houston minus two. twenty times.

[B]: Houston laying at ten twenty. That's not a smart bet. Houston is laying them high numbers.

[Petitioner]: (not audible)

[B]: They are supposed to win tonight but . . . would never lay ten.

[Petitioner]: (not audible)

[B]: Yeah well Ryan is supposed to win especially since Pittsburgh knocked them off last night but . . . I . . . I

[Petitioner]: I wouldn't do it.

[B]: If they win a hundred you lose two hundred.

[Petitioner]: *It's not my bet.*

[B]: Okay.

[Petitioner]: Okay.

(emphasis supplied)

### B.

[C]: Hello.

[Petitioner]: Hello.

[C]: Yeah [Petitioner].

[Petitioner]: I want to bet Oklahoma a hundred

and forty times and *some guy* wants to bet it thirty so I was asking whether I could bet it a hundred and seventy total?

[C]: Alright let me mark it down. Oklahoma a hundred seventy times total.

[Petitioner]: Right.

[C]: Army . . .

[Petitioner]: The same thing, *the guy* wants thirty times on Army and thirty times on Oklahoma and that's exactly what I'm betting.

[C]: Alright.

[Petitioner]: So take them both for a hundred and seventy if you can. If you can't give me a call back (not audible).

[C]: Will do.

[Petitioner]: Thank you.

[C]: Okay.

[Petitioner]: Bye.

[C]: Bye-bye.

(emphasis supplied)

These conversations constituted the sole evidence of wrongful conduct by [petitioner] according to Judge [A], who stated:

"This case is different than most cases because the evidence against the defendant is based solely on his own words and an interpretation of what he meant at the time he used those words."

Petitioner was found innocent of bookmaking and conspiracy but on the basis of this conversation was convicted of bookkeeping. As a result of this conviction, petitioner was sentenced by Judge [A] to probation for a period of one year and fined $600.

Although the conviction occurred in [   ] County, the matter was transferred to [  ] County for purposes of enforcing the probation. However, at petitioner's request, Judge [A] agreed to abate petitioner's probation during the pendency of. the

appeal of his conviction to the Superior Court. That appeal was denied by the Superior Court coincidentally on the same date that the instant petition was filed by petitioner. Thus, at the time of the oral argument pursuant to this petition, petitioner's sentence of probation for a period of one year had yet to commence.

## DISCUSSION

In a nutshell, petitioner's plea for relief from his interim suspension is based primarily upon the hearing committee's recommendation that an informal admonition is the appropriate discipline to be rendered in this case. According to petitioner, the recommendation of private discipline by a hearing committee after a thorough review and analysis to petitioner's misconduct, constitutes a change of circumstance of sufficient magnitude to prompt immediate review by the Supreme Court to determine whether there exists a continued need for interim suspension. At argument, the Office of Disciplinary Counsel opposed petitioner's requested relief on the basis that petitioner had yet to serve his one-year probation. It was the position of disciplinary counsel, based upon numerous authorities cited in its brief, that a lawyer who has been suspended from the practice of law based upon a criminal conviction should not be reinstated while serving a period of probation based upon that conviction. Disciplinary counsel cited as authority for this position *In re Anonymous No. 90 D.B. 84*, 34 D.&C. 3d 246 (1985), in which the board stated inter alia:

"The board is of the opinion that generally a person who is under sentence whether by federal court or by

state court should not be permitted to practice before the courts of this commonwealth . . . " 34 D.&C. 3d at 250.

Disciplinary counsel also emphasized another case in which this board in recommending a one-year suspension stated:

"This punishment would best serve the interest of the public as well as the respondent by allowing him to resume the practice of law at the conclusion of his probationary sentence, . . . " *In re Anonymous No. 15 D.B. 83,* 28 D.&C. 3d 609, 617 (1983).

In citing these and other similar cases, Office of Disciplinary Counsel urged that the board had in fact developed through precedent an implied per se rule that a suspended lawyer should not be permitted reinstatement until the terms of his criminal conviction including probation had been complied with fully. Disciplinary counsel further argued that in accepting the recommendation of the board in these cases, the Supreme Court had in fact adopted this per se rule.

In response, petitioner pointed out that even in the cited cases, the board resisted adopting a per se rule and instead based its recommendation on the facts in each case. For example, even in the cases referred to *infra* in the first case, the word "generally" was used, and in the second matter, the board referred to "this punishment" meaning the punishment in that particular case. In no case, according to petitioner, has the board or the court stated explicitly that a lawyer is ineligible for reinstatement because of a continuing probation.

Nevertheless, at the close of oral argument, petitioner chose to waive the mandate under rule 214(d)(3) requiring the board to file its recommendation with the Supreme Court within five days of oral argument. Instead, petitioner sought the oppor-

tunity to request Judge [A], in view of the elapsed time and petitioner's model behavior since his conviction, to waive or otherwise modify the sentence of the probation. These efforts culminated in an order entered by Judge [A] on July 26, 1989 whereby the court's order with respect to petitioner's probation was revoked and in lieu thereof, petitioner was directed to perform 100 hours of legal services on a voluntary basis with the [D] Legal Services Corporation upon his reinstatement to the bar. A copy of Judge [A's] order is attached hereto as Exhibit A.

Because of Judge [A's] order, the issue of a per se rule with respect to probation is moot. Nevertheless, we chose this opportunity to reject the concept of a per se rule with respect to recommended discipline. The Supreme Court has stated in clear terms that in this commonwealth each case shall be judged individually upon the facts and circumstances therein presented. See *Office of Disciplinary Counsel v. Lucarini,* 504 Pa. 271, 472 A.2d 186 (1983). Obviously, a lawyer's probationary status casts ominous overtones when considering the prospect of returning that individual to practice in view of our primary objective of protecting the public. While we reject the concept of a per se rule, we recognize and believe petitioner correctly analyzed the difficulties presented by the impending period of probation by seeking modification of this order.

Judge [A's] order not only removes the potential impediment to reinstatement of probation but, in fact, contemplates petitioner's return to good standing by ordering him to devote 100 hours of legal service without fee. It is the unanimous opinion of this board in light of Judge [A's] order removing the sole basis for Office of Disciplinary Counsel's opposition to the in-

536

stant petition that the temporary interim suspension of petitioner, [   ], be terminated.

## RECOMMENDATION

The Disciplinary Board of the Supreme Court of Pennsylvania upon due consideration of the matters raised in the instant petition and particularly because of the removal of the potential impediment presented by petitioner's sentence of probation, unanimously recommends to this honorable court that the interim suspension of petitioner, [   ], be dissolved.

Ms. Heh and Messrs. Brown, Douglas and Stoelker did not participate in the adjudication.

## ORDER

And now, September 18, 1989, upon consideration of the petition for dissolution or modification of temporary suspension under rule 214(d)(4), Pa.R.D.E., and the report and recommendation of the disciplinary board dated August 9, 1989, the temporary suspension entered by this court on October 31, 1988, is hereby dissolved.